Nichols, *App't, v.* Nichols, *Adm'r.*

A person moving from his own house on his own land to an adjoining lot owned by another, does not abandon his homestead in his own land which he continues to occupy as a part of his home place.

A widow is entitled to a homestead in her husband's estate, although she own land in her own right which was occupied by them as part of their home place.

APPEAL, by Mary F. Nichols, from a decree of the probate court denying her petition for a homestead in the estate of her deceased husband. Fifteen years before his death they moved from his farm into a house upon adjoining premises owned by her, where they resided during the remainder of his life. After their removal he continued to occupy his farm and carry it on as before. Facts found by a referee.

*G. W. Murray*, for the plaintiff.

*J. Y. Mugridge*, for the defendant.

STANLEY, J. The husband did not abandon his homestead. *Buxton* v. *Dearborn*, 46 N. H. 43; *Locke* v. *Rowell*, 47 N. H. 46; *Cole* v. *Bank*, 59 N. H. 53, 321. By the act of 1868 (Laws 1868, *c.* 1, *s.* 33), the wife, widow, and children of every person who is the owner of a homestead are entitled to so much thereof as shall not exceed in value five hundred dollars. Under this statute, if it has not been repealed or modified, the plaintiff has a right of homestead in her husband's farm. By the act of 1878 (Laws 1878, *c.* 22), a homestead to the amount of five hundred dollars is exempted to an unmarried person, and also to a husband in certain cases. The defendant contends that under this statute the plaintiff has a homestead in her own estate, and therefore is not entitled to one in the estate of her husband. Whether the act of 1878 gives the widow a homestead, as an unmarried person, when she owns one in her own right, we need not decide. That act did not in terms repeal the act of 1868. It conferred the right on persons not previously entitled to it, and did not take away or limit the wife's existing right. If the plaintiff is not entitled to a homestead in her deceased husband's estate, a homestead set out to her in his lifetime, under G. L., *c.* 138, *s.* 7, would terminate at his death. But the provision of the statute (*s.* 11) is express that she holds such a homestead for life.

*Decree of the probate court reversed.*

ALLEN, J., dissented: the others concurred.