Belknap,  
Dec. 1, 1910.

## McLaughlin *v.* Collins.

A married woman is entitled to a homestead exemption in her own right in land owned in common by herself and her husband and occupied by them as a home, when she has made no claim to such exemption in her husband's part of the land.

Claim, for a homestead exemption by the defendant, a married woman, against the plaintiff's levy of an execution against her. She and her husband own the real estate in question in undivided halves and occupy it as their home. Upon these facts the court denied her claim, and she excepted. Transferred from the November term, 1907, of the superior court by *Chamberlin,* J.

*Cox & Fowler,* for the plaintiff.

*Napoleon J. Dyer,* for the defendant.

Walker, J. The defendant claims that she is entitled to a homestead exemption in her own right in land owned in common by herself and her husband, which is occupied by them as a home. It does not appear that she has ever claimed a homestead right in her husband's undivided part of the common property, and her contention is that under section 1, chapter 138, Public Statutes, she is entitled to such right in her own estate as against the plaintiff's levy. That provision of the statute is as follows: "Every person is entitled to five hundred dollars worth of his homestead . . . as a homestead right." Giving this language its ordinary meaning, it is apparent that the defendant is entitled to a homestead right or exemption in her homestead or "home place" (*Woodman* v. *Lane,* 7 N. H. 241, 245), and that her undivided half of the premises upon which she and her husband live is her "home place" or homestead, in the same sense that her husband's undivided half is his "home place" or homestead. The fact that they are owners of the property in common upon which they have their home is not inconsistent with the proposition that each has a home place on the premises. And if she had her home place there, she is entitled under the statute to "five hundred dollars worth" of it as "a homestead right," which is exempt from attachment and levy under section 3. To the argument that, as each has a "home place" upon the premises owned by them in common, the homestead right of both together cannot exceed in value five hundred dollars, the limit of one full homestead right, it is sufficient to reply that the statute makes no

such qualification in the case of a common ownership. If the common owners were unmarried and lived together upon the premises as a single family, such a limitation of their respective homestead rights could only be found to exist by disregarding the plain and unambiguous language of the statute and incorporating therein a provision that in such a case each should be entitled to only one half of a homestead. There is no evidence that the legislature had such an intention; and it is equally difficult to discover such a purpose when the owners are married, and not when they are unmarried. The decision in *Nichols* v. *Nichols*, 62 N. H. 621, might have been different if such a view of the homestead law as it then existed had been entertained.

Nor is the apparent meaning and scope of the language of section 1 limited by a consideration of the statute upon this subject previous to the enactment of the Public Statutes in 1891. This section was a material change in the law. Comm'rs' Rep. P. S., *c.* 137, *s.* 1. Under the former statutes, the homestead right was not granted to "every person," but was restricted in its application. See G. L., *c.* 138; Laws 1868, *c.* 1, *s.* 33; Laws 1878, *c.* 22. Under such circumstances, the use of comprehensive language with no suggestion that it was not applicable to all persons must be given a comprehensive effect and be made applicable, in the language of the statute, to "every person."

But it is contended in behalf of the plaintiff that such a construction of the statute is equivalent to a holding that the defendant is entitled to two homesteads, which it is urged the legislature did not intend. But whether she might also successfully demand a homestead right in her husband's undivided half, after having established her claim to a similar right in her own part of the property, is a question that need not be determined. The statutes clearly give her one homestead right at least; and if it appears that she is entitled to such a right in her estate under section 1, chapter 138, Public Statutes, which is her present contention, it would serve no useful purpose in this case to decide whether she might or might not hereafter succeed in convincing the court that she has a wife's or widow's right of occupancy in her husband's homestead, under section 2. There is no provision in these statutes indicating that a claim under one must be accompanied with the surrender of the right under the other, or that a resort to one makes it necessary to ascertain what the claimant's rights might be to an additional homestead under the other. Whether the defendant might under some circumstances enjoy two homestead rights, one in her own estate and one in her husband's estate, is not the question presented by the case. That question might involve an inquiry into the history of legislation on this subject, in explanation

of the legal meaning of the homestead right, and into the effect that the enjoyment of a homestead in one estate might have upon a subsequent claim to enjoy a homestead in another estate. It might be necessary to consider whether the present statutes are not based upon a more comprehensive theory than that shown by the statutes in force previous to 1891, and whether the enjoyment of one homestead exemption under a claim of right is for historical reasons a waiver, as a matter of legislative intent, of the right to another homestead exemption at the same time. If the legislature intended that a wife living with her husband upon land owned by by them in common might have upon proper proceedings two homesteads therein set off to her, the judicial declaration of that fact is not required before such a claim is made.

In *Nichols* v. *Nichols, supra,* the widow claimed a homestead in her husband's land, though fifteen years before his death they moved from his farm into a house on adjoining premises owned by her, where they continued to reside until his death. After their removal he carried on his farm as before, in connection with his wife's farm. Under the act of 1868 (Laws 1868, *c.* 1, *s.* 33) she was entitled to a homestead in her husband's estate, unless chapter 22, Laws 1878, giving an "unmarried person" a homestead, had the effect of depriving her of it, upon the ground that the legislature did not intend to give her two homestead rights. In declining to decide the question whether she was entitled to a homestead in her own estate, the court say: "Whether the act of 1878 gives the widow a homestead, as an unmarried person, when she owns one in her own right, we need not decide. That act did not in terms repeal the act of 1868. It conferred the right on persons not previously entitled to it, and did not take away or limit the wife's existing right." In the present case it does not appear that the defendant's right under section 1 is abridged or taken away by section 2, and there is therefore no occasion to inquire whether she may have a similar right under the latter section.

*Exception sustained.*

All concurred.